ACCEPTED
14-15-00269-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/19/2015 2:08:26 PM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00269-CV

IN THE COURT OF APPEALS
FOURTEENTH JUDICIAL DISTRICT
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/19/2015 2:08:26 PM
CHRISTOPHER A. PRINE
Clerk

GRACE INSTRUMENT INDUSTRIES, LLC,
*Appellant,*

v.

MELDEN SCHMIDT and OFI TESTING EQUIPMENT, INC.,
*Appellees.*

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/19/2015 2:08:26 PM
CHRISTOPHER A. PRINE
Clerk

On Appeal from the 113th Judicial District Court
of Harris County, Texas
Trial Court No. 2014-33726

**APPELLEES, MELDEN SCHMIDT AND OFI TESTING EQUIPMENT, INC.'S, MOTION TO EXTEND TIME TO FILE APPELLEES' BRIEF**

Appellees, Melden Schmidt and OFI Testing Equipment, Inc., pursuant to Texas Rules of Appellate Procedure 38.6(d) and 10.5(b), request this Court extend the time to file their Appellees' brief in this cause for sixty (60) days, until July 21, 2015, and would show as follows:

## CERTIFICATE OF CONFERENCE

Appellees' counsel conferred with Appellant's counsel prior to filing this motion. Appellant is opposed to the extension Appellees request herein.

## PROCEDURAL HISTORY

### *Proceedings in Trial Court*

1.     On March 2, 2015, the 113th Judicial District Court of Harris County, Texas, signed an interlocutory order granting Appellees' Motion for No-Evidence Summary Judgment in Cause No. 2014-33726; *Grace Instrument Industries, LLC v. Melden Schmidt and OFI Testing Equipment, Inc.* By its order, the trial court dismissed all of Appellant's claims against Appellees. Appellees' counterclaims against Appellant remain pending before the trial court.

2.     On April 1, 2015, Appellant filed its motion for permission to appeal the trial court's Interlocutory Summary Judgment in the trial court, which Appellant titled "Motion for Interlocutory Appeal."

3.     On April 23, 2015, Appellees filed their response in opposition to Appellant's motion for permission to appeal. Thereafter, on April 24, 2015, Appellant filed its reply.

4.    On April 27, 2015, the trial court denied, in its entirety, Appellant's motion for permission to appeal.[1]

### *Proceedings in Appellate Court*

5.    In addition to its motions in the trial court, Appellant also improperly filed an untimely notice of appeal on March 23, 2015. Appellant then filed a Motion for Extension of Time to File Application for Interlocutory Appeal on April 2, 2015.[2] This Court denied Appellant's Motion on April 20, 2015.

6.    Furthermore, on April 21, 2015, the Clerk of this Court notified the parties by letter that, "[a]ccording to the clerk's record, the judgment or order being appealed is not a final, appealable judgment. The court will consider dismissal of the appeal on its own motion for want of jurisdiction unless any party files a response on or before May 1, 2015, showing meritorious grounds for continuing the appeal."

7.    On April 27, 2015, consistent with the Court's order, Appellees filed their Motion to Dismiss Appellant's appeal for lack of jurisdiction. In their Motion, and

---

[1] Concurrently with this Motion, Appellees have also filed a Supplement to their Motion to Dismiss notifying this Court that the trial court denied Appellant's request to appeal the interlocutory order. As this Court is aware, for a court of appeals to consider whether to permit the appeal of an interlocutory order that is not otherwise appealable, a trial court, on its own initiative or on a party's motion, must first grant permission to appeal the interlocutory order. TEX. R. APP. P. 28.3(a) & cmt.; TEX. R. CIV. P. 168 & cmt.; see TEX. CIV. PRAC. & REM. CODE §51.014(d). Thus, where, as here, the trial court denies permission to seek an interlocutory appeal, this Court should dismiss the appeal.

[2] Notably, by its own request, Appellant admits it appeals an interlocutory order.

3

surely consistent with the Clerk's own observation, Appellees explained this Court lacks jurisdiction over the appeal because the trial court's order did not dispose of all issues between all parties and thus, was not a final appealable judgment.

8. Inexplicably, that same day, Appellant filed its appellate brief, wherein it argued the merits of its appeal, *but wholly failed to identify any jurisdictional basis for the appeal,* notwithstanding the Court's clear request for briefing on the jurisdictional basis for Appellant's appealing a judgment which is not final. After Appellant filed its brief, the Court set a deadline of May 22, 2015 for Appellees to file their brief.

## REQUEST FOR EXTENSION

9. As it currently stands, Appellees brief is due May 22, 2015. However, Appellant has not responded to Appellees' Motion to Dismiss or provided this Court with a sufficient jurisdictional basis for its appeal as ordered. As this Court's ruling on Appellees' jurisdictional challenges could negate the need for Appellees' brief, Appellees request this Court extend Appellees' deadline to file their brief in order to give this Court an opportunity to consider whether it has jurisdiction over Appellant's appeal.

10. This is Appellees' first motion for extension of time to file their brief and Appellees request a sixty (60) day extension, up to and including Tuesday, July 21, 2015, in which to file their brief.

4

11. Even if it the Court finds inappropriate for Appellee to incur the otherwise and obviously unnecessary expense of the preparation and filing of a brief in an appeal where the Court is unquestionably without jurisdiction, Appellee requires an extension because of intervening trial settings that will otherwise preclude Appellee from submitting its brief by the current, May 22, 2015, deadline. Specifically, these include trial in the matter styled *Hobart v. City of Stafford, et al*, Cause Number 9-cv-03332, in the United States District Court for the Southern District of Texas, which will begin trial on May 26, 2015 and is expected to last at least one week as well as the matter styled *Diamond-Brooks v. Berryman*, Cause Number 12-cv-03482, in the United States District Court for the Southern District of Texas, which is scheduled to begin trial immediately upon the conclusion of the *Hobart* trial. Additionally, while not binding upon this Court Appellee's counsel has a vacation letter on file with the Harris County District Clerk, in accordance with the Harris County District Courts' vacation procedures for a family vacation between June 13 and June 20, 2015.

8. In order to allow this Court an opportunity to determine whether there is jurisdiction over this appeal at all and to allow Appellee's counsel reasonable time to prepare and file a responsive brief, if necessary, Appellees seek this extension not for delay, but so that justice may be done.

5

## PRAYER

Appellees pray that the Court grant their motion and extend the time to file their brief by sixty (60) days, up to and including, Tuesday, July 21, 2015.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE WILLIAMS & AUGHTRY**

By: */s/ William S. Helfand*
　　William S. Helfand
　　State Bar No. 09388250
　　Bill.Helfand@Chamberlainlaw.com
　　Josh N. Bowlin
　　State Bar No. 24036253
　　Josh.Bowlin@Chamberlainlaw.com
　　1200 Smith Street, Suite 1400
　　Houston, Texas 77002
　　Telephone: (713) 658-1818
　　Telecopier: (713) 658-2553

COUNSEL FOR APPELLEES MELDEN SCHMIDT
AND OFI TESTING EQUIPMENT, INC.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record on this 19th day of May, 2015, in the manner indicated below:

***Via E-Filing***
Alfonso Kennard, Jr.
Ronald Dupree Jr.
Kennard Law P.C.
5433 Westheimer Rd., Suite 825
Houston, Texas 77056
Fax: 713-742-0951

/s/ *Josh N. Bowlin*

1900700.1
120691..000001